UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JCHON PERKINS,

    Plaintiff,

v.

TREK BICYCLE CORPORATION,

    Defendant.

_____/

Case No. 1:21-cv-179

HON. JANET T. NEFF

## **OPINION AND ORDER**

Plaintiff Jchon Perkins asserts three state-law claims against Defendant Trek Bicycle Corporation. Defendant filed a Motion to Dismiss (ECF No. 14). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R. & R.), recommending that the Court grant Defendant's Motion and dismiss the complaint with prejudice (ECF No. 30). Plaintiff has filed objections (ECF No. 31), and Defendant has responded (ECF No. 32). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R. & R. to which objections have been made. For the reasons stated below, the Court denies the objections and issues this Opinion and Order.

Plaintiff asserts state-law claims of unfair competition, tortious interference with a business relationship, and restraint of trade. He does not specifically object to the Magistrate Judge's recommendation to dismiss the unfair competition and restraint of trade claims. To the extent that Plaintiff intended to object to those portions of the R. & R., the Court finds that the objection

amounts to a general objection. A general objection that fails to specify the issues in contention equates to no objection. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff specifically objects to the Magistrate Judge's analysis of the tortious interference claim.  The Magistrate Judge recommended dismissing the tortious interference claim because Plaintiff failed to allege (1) the existence of either a valid business relationship or the expectancy of such relationship; (2) knowledge of the relationship or expectancy on the part of Defendant; and (3) intentional interference by Defendant (ECF No. 30 at PageID.149-151).

Plaintiff raises four objections: (1) that he had sufficient business relationships; (2) that Defendant was aware of these business relationships; (3) that the Magistrate Judge erroneously determined that Plaintiff did not allege an actual business relationship; and (4) that the Magistrate Judge erroneously found that Plaintiff failed to state a tortious interference claim (ECF No. 31 at PageID.157-160).  In support of his objections, Plaintiff explains that he disclosed two business relationships to Defendant during settlement discussions.  Defendant responds that Plaintiff is making new arguments premised on new factual allegations.

There can be no dispute that Plaintiff's new allegations were not part of his complaint or presented to the Magistrate Judge.  District courts generally do not have to consider new issues on review that were not raised before the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").  Having reviewed the entire record, the Court finds no reason to deviate from the general rule in this case.

Nonetheless, even if the Court were to consider Plaintiff's new evidence and arguments regarding his business relationships, Plaintiff does not object to the Magistrate Judge's finding that

he failed to allege that any intentional interference by Defendant was improper. As stated by the Magistrate Judge, there is no allegation that "[Defendant's] assertion of its trademark rights—a lawful act—was done with malice" (ECF No. 30 at PageID.151).

Plaintiff next argues that the Magistrate Judge erroneously recommended that the Court should dismiss the complaint with prejudice. He broadly claims that he does not need to prove his allegations and that his allegations are sufficient. Plaintiff is correct that he does not need to prove his allegations at this stage of the proceeding. The allegations in the complaint will suffice to survive a motion to dismiss for failure to state a claim if they plausibly suggest that he can meet the elements of his claim. *Rudd v City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020). Here, the Magistrate Judge determined that Plaintiff's allegations were not sufficient to meet this standard. Plaintiff has failed to demonstrate any factual or legal error in the Magistrate Judge's analysis.

Finally, although it is not entirely clear, Plaintiff appears to be asking this Court to allow him to amend his complaint. Leave to amend a complaint shall be "freely given when justice so requires." FED. R. CIV. P. 15(a). The Court, however, may deny leave to amend where the amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Here, Plaintiff does not offer any substance to the proposed amendment. Presumably, Plaintiff would amend the complaint to add the new allegations regarding his business relationships and whether Defendant knew of these relationships. But, as explained above, even considering those allegations, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court finds that a grant of leave to amend would be futile.

Accordingly, the Court adopts the Magistrate Judge's R. & R. as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Therefore,

**IT IS HEREBY ORDERED** that the Objections (ECF No. 31) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 30) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 14) is GRANTED.

Dated:  February 16, 2022                                           /s/ Janet T. Neff
                                                                               JANET T. NEFF
                                                                               United States District Judge